NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ABNER PHILLIPS, PETITIONER, v. SAMUEL KRAVITZ,
RESPONDENT.

**Permanent or Temporary Injury—Extent—Intoxication Alleged and Denied—Alleged Intimidation of Respondent's Witness— Failure to Submit to Doctor's Examination.**

For the petitioner, *Sol Phillips Perlman.*

For the respondent, *Henry H. Wittstein.*

This is a workmen's compensation case in which the fact of the accident is admitted, but in which there is dispute as to the temporary disability and permanent injury experienced and the previous condition of the petitioner. The question of intoxication is also raised, and the claim is made that the respondent's witnesses were approached and have been intimidated.

Regarding the temporary disability, the respondent testified the petitioner applied for work in the month of June, whereas the petition's claim is that he was disabled until October.

The testimony also shows that the respondent directed the petitioner to report to a doctor for examination, but that he refused to permit of the examination which the law privileges the employer to have made. No compensation can be allowed for this period of refusal.

Concerning permanent injury, it is to be noted that whereas the doctor who testified for the petitioner is of the opinion that he is twenty-five per cent. totally disabled, the doctor for the respondent insists that he can find nothing the matter with the petitioner beyond the condition which is to be expected in a man of his age.

With respect to the petitioner's previous condition, there is evidence to show that he had had two previous accidents,

either one of which might be responsible for the disability of which the petitioner now complains.

Concerning the question of intoxication, the respondent contends the petitioner was habitually under the influence of liquor to the extent of being "happy drunk." The petitioner asserts he never drank. A witness for the respondent who went with the injured man in the police ambulance to the hospital testified that he took a bottle, half full of some kind of liquor, from the petitioner's pocket. This witness, it is claimed, had previously told the respondent that the petitioner was drunk when he fell through the second story loft door. On the stand he refused to corroborate this, but did reluctantly admit that he smelt something on the injured man's breath while accompanying him in the ambulance. Two other witnesses also failed to testify that the petitioner was drunk at the time of the accident, which evidently was the purpose for which they were subpœnaed by the respondent, who claims they were heard to make this assertion.

Concerning the contention that the respondent's witnesses had been intimidated, it is to be noted that three persons whom the respondent put on the stand for the purpose of proving intoxication failed to testify as he expected, and at least one of these, a woman, admitted that the son of the petitioner came to her and intimated what would happen if she told the truth. This was not upset in rebuttal, and, if true, is important as indicating the petitioner was conscious of something which it was necessary to hide. It would seem that some recognition must necessarily be taken of so serious a situation, rendering questionable the standing of the petitioner's entire case. This, coupled with the statement of the petitioner that he never drank and did not have whiskey in his pocket, whereas there is much in the testimony to the contrary, makes it necessary to weigh the statements of the litigants as to credibility. With this in mind, together with the complete disagreement of medical testimony, I am forced to the conclusion that an award can be given in favor of the petitioner only for five per cent. of total disability and for compensation to cover temporary disability from May 5th,

1923, ten days after the accident, to the last of June, 1923, during which month the petitioner applied to the respondent for work according to the latter's statement, from which period must be deducted the twenty-four days during which the petitioner refused to be examined.

In view of the doubtful status of this claim as already set forth, I am of the opinion that counsel for the petition should be paid by his client.

A rule for judgment will be drawn up in conformity with the above.